# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**TIMOTHY WARD**                                                                       **PLAINTIFFS**
**CARRIE WARD**

**v.**                                                              **CIVIL ACTION NO. 3:07-CV-469-S**

**HARDIN COUNTY ATTORNEY**                              **DEFENDANTS**
**JEFFERSON COUNTY ATTORNEY**

## MEMORANDUM OPINION

Plaintiffs, Timothy and Carrie Ward, filed a *pro se*, *in forma pauperis* complaint against the Hardin and Jefferson County Attorneys[1] (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiffs' complaint is not a model of clarity. It appears to the Court that Plaintiffs are alleging that Defendants are, without authority, pursuing bad check claims against Plaintiffs without setting court dates in violation of Section 11 of the Kentucky Constitution.[2] With regard to Defendant Hardin County Attorney's Office, Plaintiffs allege that Defendant would not set court dates, apparently with regard to a car-loan check, in violation of the Kentucky Constitution. Plaintiffs allege that the Hardin County Attorney's Office has changed the local

---

[1] Although the caption of the complaint lists the Hardin County Attorney and the Jefferson County Attorney as Defendants, a reading of the complaint indicates that Plaintiffs are suing the Hardin and Jefferson County Attorney Offices, not an individual attorney or attorneys and not the officials known as the Hardin County Attorney and Jefferson County Attorney.

[2] This section of the Kentucky Constitution deals with the right to meet witnesses face to face.

rules and a state statute, Ky. Rev. St. § 514.040(5),[3] in violation of their "rights" and that Defendant violated another state statute when it sent a letter stating that charges would be filed against Plaintiffs if they did not pay the check.

With regard to Defendant Jefferson County Attorney's Office, Plaintiffs allege that it violated their rights by allowing a false criminal complaint to be filed concerning incidents surrounding Plaintiffs' attempts to rent an apartment.  According to the complaint, Plaintiffs signed a lease and moved property into an apartment, after which the landlord decided to run a credit check and changed his mind about renting the apartment to Plaintiffs.  Plaintiffs further allege:

> The Plaintiff arrived at the apartment, the owner wife was there, she had changed the [locks], and the Plaintiff had no access to the apartment, the next the property owner removed the door and boarded up the unit.  The Plaintiff(s) were in the car and the landlord seen the lease of the apartment in the car and tried to climb over the Plaintiff(s) in the car in doing so the Plaintiff(s) had no choice but to protect himself and tired to push the landlord out of the car.  The landlord would later go down to the County Attorney and filed charges against the Plaintiff(s).

The Plaintiff's allegations against the Jefferson County Attorney's Office seem to be that the Jefferson County Attorney's Office has refused to dismiss the criminal complaint even though, according to Plaintiffs, that office has no jurisdiction over landlord/tenant disputes.

Under the heading "Kentucky Cold Check Recovery Program Ineligible Checks," Plaintiffs state that Kentucky has a program under which certain kinds of checks are ineligible

---

[3] This section of Kentucky's penal code allows the County Attorney to charge a $25 fee for writing a bad check.

2

for the County Attorney to handle. They also state that they do not wish to violate any merchants' rights to collect money owed but assert that the way that the merchants are trying to collect is unconstitutional and unlawful and suggest that the Hardin County Attorney's sending a letter is extortion under Ky. Rev. St. § 514.080.[4]

Finally, under the heading "False Imprisonment and/or False Arrest," Plaintiffs assert only: "The Plaintiff(s) have rights, and the rights are being violated, the Plaintiff(s) are being subjected to false imprisonment and/or false arrest." As relief, Plaintiffs seek unspecified general and punitive damages.

## II. ANALYSIS

This Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears

---

[4] This section of the Kentucky penal code defines theft by extortion.

3

beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, ___, 127 S. Ct. 1955, 1974 (2007).

"Because federal courts are courts of limited jurisdiction, the plaintiff must establish subject matter jurisdiction." *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 970 (6th Cir. 2005). Federal courts hear only cases allowed under the Constitution or cases which Congress has entrusted to them by statute. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

Here, jurisdiction cannot be premised on the diversity statute, 28 U.S.C. § 1332(a), as there is no diversity of citizenship between the parties. Plaintiffs' address is in Kentucky and the Defendants are governmental entities within Kentucky. Plaintiffs also fail to allege the requisite minimum of $75,000 in damages as required by 28 U.S.C. § 1332(a).

Most of Plaintiffs' claims are raised under state law and, therefore, could not give rise to federal question jurisdiction. The only claims against Defendants[5] which could have a federal constitutional basis are the claims dealing with the criminal complaint filed at the Jefferson

---

[5] The Court notes that the complaint alleges that the way "merchants" are trying to collect is unconstitutional; however, these merchants, whoever they are, are not named as Defendants in this action.

4

County Attorney's Office and Plaintiffs' allegation of false arrest and imprisonment.[6]

Congress has explicitly provided a remedy for constitutional violations brought against state and local officials and local units of government in 42 U.S.C. § 1983. The Sixth Circuit has stated that "it is unnecessary and needlessly redundant to imply a cause of action arising directly under the Constitution where Congress has already provided a statutory remedy of equal effectiveness through which the plaintiff could have vindicated [his] constitutional rights." *Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989). In *Thomas*, the Sixth Circuit held that § 1983 provides the exclusive remedy for constitutional claims brought against state and local officials and local units of government. *Id.* at 499. Plaintiffs have no cause of action directly under the Constitution. Therefore, the Court construes Plaintiffs' claims relating to the criminal complaint filed at the Jefferson County Attorney's Office and for false arrest and imprisonment as being brought under 42 U.S.C. § 1983. *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992); *Henderson v. Corr. Corp. of Am.*, 918 F. Supp. 204, 208 (E.D. Tenn. 1996).

When a § 1983 claim is made against a municipality, like the Jefferson and Hardin County Attorney's Offices, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in

---

[6] Although not pertinent to the Court's dismissal of this complaint, the Court notes that Plaintiffs' complaint does not contain factual allegations showing that Plaintiffs in fact were either arrested or imprisoned.

5

other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

In the instant case, Plaintiffs have failed to allege the existence of a governmental policy or custom relative to the nature of their claims relating to the apparently pending criminal

6

complaint and alleged false arrest/imprisonment.  Consequently, the Court will dismiss these claims for failure to state a claim.  The Court will also dismiss without prejudice Plaintiffs' state law claims as the Court declines to exercise its supplemental jurisdiction over those claims.  *See* 28 U.S.C. § 1367(c)(3).

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate order, dismiss Plaintiffs' federal claims for failure to state a claim and will dismiss without prejudice Plaintiffs' state law claims.

Date:

cc:     Plaintiff, *pro se*
        Defendants

4411.009